UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-61271-CIV-MARRA

JOHNSON CONTROLS, INC.,

    Plaintiff

vs.

EDUARDO URIBAZO, GREEN
BUILDING TECHNOLOGIES LLC,
PINNACLE TECHNOLOGIES LLC
and ENTIC LLC,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE comes before the Court upon Defendant Eduardo Uribazo's Motion to Dismiss Counts IV, IX and XI of Plaintiff's Amended Complaint for Damages [DE 29].[1] The Court has reviewed the motion, the entire file in this case, and is otherwise duly advised in the premises.

**I.    Background**

Plaintiff brought this action against its former employee, Defendant Uribazo, and against various corporations. Plaintiff claims that Uribazo worked for these competing corporations at the same time that he was working for Plaintiff [DE 22]. Plaintiff asserts various claims for breach of contract as well as various tort claims. *Id*. The contract claims arise out of an

---

[1] Defendant Uribazo filed a similar Motion to Dismiss relating to Plaintiff's original Complaint [DE 19]. Since Plaintiff's Amended Complaint superseded the original Complaint, that motion is now moot.

1

"Employment Agreement" between Plaintiff and Uribazo [DE 22-1], which Agreement is less than two pages long and addresses the following matters: Inventions, Confidentiality, Non-Competition, and Employee Tampering. *Id*.

Uribazo's motion seeks the dismissal of Count IV, Duty of Breach of Loyalty by Uribazo; Count IX, Tortious Interference with Employment and Advantageous Business Relationships; and Count XI, Fraud Against Uribazo. Uribazo argues that these claims are barred by Florida's economic loss rule. [DE 29, 2-7, DE 34, 1-4]. Uribazo also argues that Plaintiff has not sufficiently pled its fraud claim [DE 29, 7, DE 34, 4-5], and that this claim should be dismissed because it is predicated on a promise not performed, which is not actionable in Florida [DE 29, 8-9].

In response, Plaintiff argues that it is entitled to plead alternative theories of recovery; that its claims are not barred by Florida's economic loss rule; and that it has sufficiently pled its fraud claim [DE 32].

## II.     Applicable Standard of Review and Applicable Law

When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  In addition, documents are considered part of the pleading when attached as an exhibit to the Complaint.  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

There is no dispute among the parties that Florida law applies to this case, which is before the Court pursuant to 28 U.S.C. §1332 based upon the diversity of citizenship of the parties.

**III.    Discussion**

It is well-established law in Florida that a party to a contract may not pursue a claim in tort for economic losses unless the party breaching the contract has committed a tort which is distinguishable from or independent of the breach of contract. This is the so-called "economic loss rule." *See Florida Power & Light Co. v. Westinghouse Elec.*, 510 So.2d 899 (Fla. 1987) and *AFM Corp. v. Southern Bell*, 515 So.2d 180 (Fla. 1987).

The foundation of Uribazo's entire argument that Counts IV, IX and XI are barred by the economic loss rule is his statement that "Uribazo's employment relationship is governed by a written contract between" Plaintiff and Uribazo [DE 34, 2]. Having reviewed the papers, this Court agrees with the Plaintiff that at this stage of the case, Plaintiff is entitled to plead alternative theories of recovery. Fed. R. Civ. P. 8(d). After discovery, once the facts are fully fleshed out, Plaintiff may reduce the number of Counts. Issues relative to the economic loss rule can be addressed in connection with motions for summary judgment if necessary at that time. Uribazo's Motion to Dismiss Counts IV and IX are, therefore, denied, and Uribazo's Motion to Dismiss Count XI is denied to the extent that the motion is predicated upon the alleged applicability of the economic loss rule.

Uribazo also seeks dismissal of Count XI - Fraud Against Uribazo as containing insufficient factual allegations, and as seeking damages for a mere promise not performed, which he argues is not a viable claim under Florida law. Plaintiff counters that it incorporated by reference 48 factual paragraphs at the beginning of Count XI and has, therefore, adequately pled fraud.

For allegations of fraud, the heightened pleading requirements of Federal Rule of Civil

3

Procedure 9(b) apply. That rule provides that: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." The Eleventh Circuit has held that:

> Rule 9(b) is satisfied if the complaint sets forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

*Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir.2001) (citation omitted). In short, "under Rule 9(b) a plaintiff must plead the who, what, when, where, and how of the allegedly false statements." *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir.2008). *See also, Platinum Estates, Inc. v. TD Bank*, No.11-CV-60670, 2012 WL 760791 (S.D. Fla. March 8, 2012).

Plaintiff argues that Uribazo misunderstands the basis of its fraud claim. Plaintiff states that "the fraud claim against Uribazo is premised upon the fact that Uribazo continuously throughout his employment with Johnson Controls represented that he was devoting all of his efforts to secure bids and jobs for Johnson Controls." [DE 32, 7]. This allegation, however, is not set forth anywhere in the Amended Complaint. Furthermore, these representations would need to be particularized to satisfy the pleading requirements of Rule 9(d).

Plaintiff has, therefore, failed to adequately plead a claim for fraud. Uribazo's Motion to Dismiss Count XI is granted on this basis. Plaintiff is hereby given permission to replead this

claim to remedy the deficiencies outlined herein.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

1. Defendant Eduardo Uribazo's Motion to Dismiss Counts IV, IX and XI of Plaintiff's Complaint **[DE 19]** is **DENIED** as **MOOT**.

2. Defendant Eduardo Uribazo's Motion to Dismiss Counts IV and IX of Plaintiff's Amended Complaint for Damages **[DE 29]** is **DENIED**.

3. Defendant Eduardo Uribazo's Motion to Dismiss Count XI of Plaintiff's Amended Complaint for Damages **[DE 29]** is **GRANTED** based upon Plaintiff's failure to plead fraud with sufficient particularity.

4. Plaintiff is given leave to amend the Amended Complaint to remedy the deficiencies in Count XI outlined in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of December, 2012.

_____
KENNETH A. MARRA
United States District Judge